UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAX BRADFORD                                                                                           PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:16-CV-00373-CRS-DW

PROSOFT, LLC and
HUMANA, INC.                                                                                        DEFENDANTS

Memorandum Opinion & Order

This matter is before the Court on the motion of Plaintiff Pax Bradford to alter or amend under Federal Rule of Civil Procedure 59(e) the Court's memorandum opinion and order that were issued on April 24, 2017. Mot. Amend 1, ECF No. 39. Defendant Prosoft, LLC ("Prosoft") responded. Resp. Opp. Mot. Amend 1, ECF No. 40. Bradford replied. Reply 1, ECF No. 42.

Bradford filed the present case against Prosoft and Humana, Inc. ("Humana") in June 2016. Compl. 1, ECF No. 1. He asserts claims under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). *Id*. ¶¶ 32–53.

In December 2016, Prosoft moved for judgment on the pleadings. Mot. J. Pleadings 1, ECF No. 30. Bradford responded on February 15, 2016. Resp. Opp. Mot. J. Pleadings 1, ECF No. 33. Prosoft replied seven days later. Reply 1, ECF No. 34.

In the April 24, 2017 order, the Court dismissed Bradford's ADA and Title VII claims against Prosoft. Order 1, ECF No. 37. In its memorandum opinion, the Court explained that a plaintiff must exhaust his administrative remedies before bringing a claim under Title VII or the ADA. Mem. Op. 12, ECF No. 36. As Bradford failed to produce any evidence showing that he

1

had exhausted his administrative remedies before bringing the ADA and Title VII claims against Prosoft, dismissal of the claims without prejudice was appropriate. *Id*.

Bradford now moves to alter or amend the portion of the Court's April 24, 2017 memorandum opinion and order that dismissed his ADA and Title VII claims against Prosoft. Mot. Amend 1, ECF No. 39. Rule 59(e) provides that a party may move to alter or amend a judgment previously issued by the court. A court may alter a prior judgment under Rule 59(e) based only on (1) "a clear error of law," (2) "newly discovered evidence," (3) "an intervening change in controlling law," or (4) "a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). In most cases, "a finding of manifest injustice or a clear error of law requires 'unique circumstances,' such as complete failure to address an issue or claim." *Peterson v. United States*, No. 6:14-CV-134-KKC, 2016 U.S. Dist. LEXIS 143983, at *24 (E.D. Ky. Oct. 18, 2016) (internal citations omitted).

Bradford argues that his motion to alter or amend should be granted because "[a]t the time that Prosoft's motion [for judgment on the pleadings] had been fully briefed, [he] had not yet received his right-to-sue letters from the EEOC." Mem. Supp. Mot. Amend 2–3, ECF No. 39-1. Bradford further explains that the amended complaint, which has been ordered filed herein without objection, he includes allegations that he has exhausted his administrative remedies. *Id*. Copies of his EEOC charges and right-to-sue letters from the EEOC are attached as exhibits to the amended complaint. *Id*. Prosoft asserts in opposition that the right-to-sue letter does not cure Bradford's "defective Complaint, nor does it establish a fact that was not already before this Court." *Id*.

In accordance with Federal Rule of Civil Procedure 12(c), the Court based its April 24, 2017 memorandum opinion and order on the pleadings before it. In examining these pleadings, the Court determined Bradford failed to allege that he had exhausted his administrative remedies for his ADA and Title VII claims. Mem. Op. 12, ECF No. 36. The Court thus appropriately dismissed these claims. *See id*.

The Court recognizes, however, that an amended complaint has now been filed in the record. The amended complaint corrects the deficiencies in the original complaint for which Bradford's ADA and Title VII claims were dismissed. Bradford's original complaint is now a "nullity, because an amended complaint supersedes all prior complaints." *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. Mich. Feb. 21, 2008). This Court finds that these circumstances give rise to a manifest injustice for which the April 24, 2017 memorandum opinion and order may be amended. Accordingly, Bradford's motion to alter or amend the April 24, 2017 memorandum opinion and order is **GRANTED**.

**The portions of the April 24, 2017 memorandum opinion and order that analyzed Bradford's failure to allege that he exhausted his administrative remedies as to his ADA and Title VII claims asserted against Prosoft and dismissed these claims are WITHDRAWN. This order does not disturb the remaining analysis and orders issued in the April 24, 2017 memorandum opinion and order.**

June 9, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**